[Nos. 1434, 1435 and 1437.]

R. A. Houston *v.* The State.
R. A. Houston *v.* The State.
R. A. Houston et. al *v.* The State

1. Scire Facias.—Writ of error from judgment in *scire facias* cases lies to this court, notwithstanding the criminal nature of such cases. See *Hart* v. *The State, ante,* page 555.
2. Same—Practice.—Since the adoption of the Revised Statutes, the procedure in *scire facias* cases after judgment *nisi* is on the civil side of the docket, and it is not error to hear and determine such cases at a civil term of the county court. The contrary rule, as announced in *Cassady* v. *The State,* 4 Texas Ct. App., 96; *Carter* v. *The State,* Id., 165, and *Wills* v. *The State,* Id., 613, obtained before the revision, but does not now.

Writs of error from the County Court of Gonzales. Tried below before the Hon. J. S. Conway, County Judge.

The writs of error in the first two of these cases were prosecuted from the forfeiture of the appearance bonds of Willis Arrington, bailed under charges of theft of sheep under twenty dollars; and, in the last case, from the forfeiture of a similar bond, under a similar charge, of John G. Hester. Each bond and each judgment was for two hundred dollars.

*Fly & Davidson*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, J. Motions to dismiss the writs of error in these cases, have been made by the Assistant Attorney General, upon the ground that, being criminal cases, they cannot be brought before this court in any other manner than by appeal. In *Hart et al.* v. *The State*, this day decided, this question has been discussed and determined, and in accordance with the conclusion arrived at in that case, the motions to dismiss are overruled. (*Ante*, p. 555.)

In accordance also with the decision in the Hart case, we hold that it was proper for the county court to render and enter judgments final upon the judgment *nisi* at a civil term of said court. This is contrary to the decisions in *Cassady* v. *The State*, 4 Texas Ct. App., 96; *Carter* v. *The State*, Id. 165; and *Wills* v. *The State*, Id. 613; but those decisions were rendered before the adoption of the Revised Code of Criminal Procedure, and in view of the changes made in that Code are no longer applicable. As the law now is, the procedure in such cases is on the civil side of the docket, after judgment *nisi*, and it is proper practice to hear and determine the *scire facias* at a civil instead of at a criminal term of the court.

Without discussing the several other assignments of error which appear in the record, we will say that we have carefully considered each of them, and the authorities cited in support of them, and we find no material error in the proceedings and judgments, and the judgments are therefore affirmed.

*Affirmed.*

Opinion delivered March 17, 1883.